**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4459**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SYLVESTER CRUSE, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00146-FDW-3)

Submitted: March 29, 2016        Decided: March 31, 2016

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Cruse, Jr., appeals his conviction for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2012); possession of a firearm in furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012); conspiracy to use or carry a firearm in furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (2012); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). He argues that trial counsel rendered ineffective assistance in failing to argue outrageous government conduct and failing to assert an entrapment defense. We affirm.

A prisoner "may raise a claim of ineffective assistance of counsel in the first instance on direct appeal <u>if and only if it conclusively appears</u> from the record that counsel did not provide effective assistance." <u>United States v. Galloway</u>, 749 F.3d 238, 241 (4th Cir.) (alteration and ellipsis omitted), <u>cert. denied</u>, 135 S. Ct. 215 (2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively

2

establish the alleged grounds for Cruse's claims, Cruse does not meet this demanding standard. These claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>